

# The Attorney General of Texas

July 8, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James B. Adams, Director
Texas Department of Public Safety
5805 N. Lamar Blvd.
Austin, Texas 78773

Opinion No. MW-204

Re: Whether Attorney General Opinion MW-133 should be given retroactive effect.

Dear Mr. Adams:

You have requested our opinion regarding whether Attorney General Opinion MW-133 (1980) should be given retroactive effect. In that opinion, we construed the effect of amendments to article 42.13, Texas Code of Criminal Procedure, on statutory provisions concerning the suspension of a person's driver's license in driving while intoxicated cases. We said that, whereas former article 42.13, Code of Criminal Procedure, had expressly provided that an individual who receives misdemeanor probation does not have a final conviction, the amended statute deems a grant of probation to constitute a final conviction, except when probation is granted under section 3d, which provides for a deferred adjudication of guilt. Under section 24(a) of article 6687b, V.T.C.S., a final conviction of the offense of driving while intoxicated results in the automatic suspension of the defendant's license to drive. Thus, we concluded that the amendments to article 42.13, Code of Criminal Procedure, had significantly altered the law in this area.

These amendments, enacted by the 66th Legislature, Senate Bill 849, Acts 1979, 66th Legislature, chapter 654, at 1514, took effect on August 27, 1979. Prior to the release of Opinion MW-133, (1980), there was widespread disagreement as to the precise meaning of the amendments to article 42.13, Code of Criminal Procedure, and it appears that many attorneys in good faith advised clients to plead guilty in the belief that a grant of probation would prevent the suspension of their driving privileges. In recognition of such reliance, you have announced that the Department will record only those convictions which became final on April 1, 1980, and thereafter. You inquire as to the status of persons convicted between August 27, 1979, and April 1, 1980.

The amendments to article 42.12, Code of Criminal Procedure, were enacted by the legislature on May 28, 1979, and signed by the Governor on June 13, 1979, but did not become effective until August 27, 1979. Neither the administering agency nor the Attorney General is empowered to

postpone the statute's effective date beyond that fixed by the legislature. See Tex. Const. art. I, § 28.   We conclude therefore that every person convicted of driving while intoxicated on August 27, 1979, or subsequent thereto, is subject to the amendments to article 42.13, Code of Criminal Procedure, which became effective on that date.   While administrative realities may make it impossible for the Department to implement the statute at this time in all cases resolved after August 27, 1979, it should take the steps which are administratively practical to enforce the statute from the time it became effective.

## SUMMARY

Amendments to article 42.13, Texas Code of Criminal Procedure, became effective on August 27, 1979, and persons convicted of driving while intoxicated on that date or thereafter are subject thereto.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Dawn Bruner
Doug Becker
Susan Garrison
Rick Gilpin
Bruce Youngblood